### In the Matter of the Estate of JOHN G. MANY, Deceased.

Surrogate's Court, Oneida County, December 20, 1924.

**Executors and administrators — accounting — will gave widow life use of real and personal property — release was given to life tenant from liability for depreciation of personal property — account of executor of life tenant will not be surcharged with loss and depreciation on personal property.**

The account of an executor of a life tenant of real and personal property, consisting of a farm and the stock and tools thereon, will not be surcharged with the amount of depreciation and loss resulting from the use of the personal property for a period of six years following the death of the testator, especially in view of the fact that the life tenant was given by the sole heirs and next of kin a release from all liability for loss arising from the depreciation of the personal property.

PROCEEDING for judicial settlement of estate of John G. Many, deceased.

*A. S. Malsan,* for William S. Many, as executor of the last will and testament of Louisa Many, deceased.

*Fitzgerald & Smith,* for Una H. Many, as administrator with the will annexed of the estate of John G. Many, deceased.

EVANS, Special S.:

John G. Many and Louisa Many, his wife, lived in the town of Whitestown, Oneida county, N. Y. Mr. Many died on or about May 10, 1914, leaving a last will and testament which was admitted to probate by the Surrogate's Court of Oneida county on May 25, 1914, and letters testamentary were issued to Louisa Many, the executor.

The will provided in substance that Louisa Many, the widow, should have a life use of the real and personal property and after her death it should pass to the children of testator. The only children were two sons, John A. and William S., who were married, and after their father's death continued to operate the farm on which the family had lived. The farm was run by the sons in conjunction with their mother and the personal property of the estate consisted largely of cows, horses, wagons, farm implements, etc.

The inventory shows four horses whose ages ranged from ten years to twenty-two years. There were about thirty cows on the farm at the time of the death of Mr. Many and at least twenty of them would be considered old cows, their ages ranging from eight to eighteen years.

A few months after the death of the testator, the sons, John A. and William S. Many, executed and filed in the office of the surrogate a waiver or release on their part wherein they recited that it was their desire that their mother, Louisa Many, should continue to operate the farm and to manage the dairy, and for an expressed consideration of one dollar they released and discharged her as life tenant and executor, etc., from all liability on account of loss or depreciation in the value of the personal property on the farm and from all loss which either of the sons might sustain. John A. Many died on January 1, 1916.

It is evident that the sons intended to give to their mother a free rein in the management of the farm and the stock on it. It is reasonable to suppose from a reading of the testimony taken that they expected to inherit equally any property that might be owned by the mother at the time of her death and that the releases executed by the sons would not entail serious financial loss to them. Unfortunately these expectations miscarried and failed to materialize. John A. Many died in about a year and a half after his father died, leaving a widow and four small children. Louisa

Many died on December 27, 1920, leaving a last will and testament in which her property was all given to her surviving son, William S. Many.

This is a proceeding for a judicial settlement of the estate of John G. Many. The widow of John A. Many was appointed administrator with the will annexed of the estate of John G. Many after his widow, Louisa Many, executor, died. The account has been filed by William S. Many, as executor of the estate of his mother, Louisa Many, and shows a loss of $2,827. Objections to the account were filed by Una Many, as administrator c. t. a. She asks that the account as filed be surcharged with the sum of $2,827 and the further sum of $1,732.62 as contained in Schedule " D."

I think that there are no valid grounds for objection to any of the items making up the sum of $1,732.62 and they are allowed. It appeared from the evidence taken on the hearings of this contest that the cows and horses mentioned in the inventory had either died or become so old that they had to be sold, and that the farming implements and tools wore out and that none of the personal property on the farm at the time of taking the inventory was there when Louisa Many, the life tenant, died. Counsel for the contestant urges that six years is too short a period for all of the farm tools and implements to wear out and for the cows and horses to die or become useless. There is no evidence, however, to dispute this, and in any event I think that in view of the execution of the release by John A. Many, his representative is estopped from claiming that the account should be surcharged on account of loss in the John G. Many estate. If the agreement between the mother and her sons meant anything it was designed to meet the situation now presented by this account. The account as filed is allowed and the objections are dismissed. A decree may be prepared accordingly.